**UNITED STATES of America, Petitioner,**

v.

**PACKERLAND PACKING COMPANY, Inc., Respondent.**

**No. 72–C–114.**

United States District Court, E. D. Wisconsin.

June 2, 1972.

**330**

David J. Cannon, U. S. Atty., by Joseph Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for petitioner.

Berk & Pressentin, by James F. Pressentin, Green Bay, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The United States seeks an order enforcing an administrative subpoena duces tecum issued under the Packers and Stockyards Act, 7 U.S.C. § 181. Section 402, 7 U.S.C. § 222, of the Act incorporates certain portions (including § 9) of the Federal Trade Commission Act, and the subpoena in question stems from such authority. Section 9 of the Federal Trade Commission Act, 15 U.S. C. § 49, specifies that for purposes of the Act

".  .  . the commission, or its duly authorized agent or agents, shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."

The subpoena served in this case required the respondent to produce the following:

"All records pertaining to the purchase and sale of livestock, meat, and meat food products by Packerland Packing Co., Inc., during the period June 1, 1971, through August 31, 1971, including but not limited to, all purchase and sales invoices, shipping records, scale tickets, kill sheets, bills, deposit slips, check stubs, bank statements, drafts, cancelled checks, sales journal, correspondence, and general ledger."

The aforesaid subpoena also asserts that the aforesaid materials are

".  .  . essential in connection with an investigation by the Secretary of Agriculture under the Packers and Stockyards Act, 1921, as amended (7 U.S.C. 181 et seq.), to determine whether Packerland Packing Co., Inc., is in compliance with the requirements of said Act and the regulations issued thereunder."

The parties have submitted briefs in support of their respective positions. In its brief, the respondent defines the issue in the case as follows:

"That leaves as the only issue in this case the question as to whether or not the subpoena was too indefinite, whether the documents and records requested appear clearly to be relevant and whether the investigation would be too burdensome on the operations of respondent."

Although the respondent suggests that an evidentiary hearing is needed to resolve certain factual conflicts, I am persuaded that such claimed disputes are

not meaningful in the court's resolving the question of the petitioner's right to an order enforcing the subpoena.

I find that the subpoena is reasonably clear and definite and that it concerns relevant matters. It is fairly restricted as to time, and its breadth is not so great as to constitute an unfair burden on the respondent. The subject matter of the inquiry contemplated by the petitioner is adequately described.

In Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 201, 66 S.Ct. 494, 502, 90 L.Ed. 614 (1946), the Court discussed the subpoena power under § 9 of the Federal Trade Commission Act and stated:

> ". . . to deny the validity of the orders would be in effect to deny not only Congress' power to enact the provisions sustaining them, but also its authority to delegate effective power to investigate violations of its own laws, if not perhaps also its own power to make such investigations."

In response to a claim that a report demanded by the Federal Trade Commission enabled the government to engage in a "fishing expedition" (a claim also made in the instant case), the Supreme Court stated, in United States v. Morton Salt Co., 338 U.S. 632, 652, 70 S.Ct. 357, 369, 94 L.Ed. 401 (1950):

> "Even if one were to regard the request for information in this case as caused by nothing more than official curiosity, nevertheless law-enforcing agencies have a legitimate right to satisfy themselves that corporate behavior is consistent with the law and the public interest."

If the parties are unable to agree upon a future date for the production of the records in question, petitioner's counsel may present an order for my signature which fixes a day certain and a place for the respondent's production of the documents demanded in the subpoena.